DECISION AND JUDGMENT ENTRY
This case is before the court sua sponte.
It has come to the court's attention that the order from which this appeal is taken is not final and appealable and, therefore, this court has no jurisdiction to hear this appeal. On July 14, 1999, defendant filed a notice of appeal from a decision of the trial court which states:
 "It is ORDERED that the Motion for Post-Conviction Relief filed by Petitioner Jamie Madrigal is DENIED on Grounds One, Two, Three, Four, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two And Twenty-Three.
 "It is FURTHER ORDERED that a hearing be set on September 17, at 1:30 p.m. on Ground Five of Petitioner's Motion for Post Conviction Relief."
R.C. 2505.02 defines "final appealable order" and states:
"(A) As used in this section:
 "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action.
 "(C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.
 "(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state." Eff. 7-22-98.
The trial court's order in this case which denies all but one ground for post-conviction relief and sets a hearing for the remaining ground is not final since it does not, pursuant to R.C.2505.02 (B)(1), "determine the action and prevent a judgment" on appellant's entire motion for post-conviction relief. Further, the order does not fit into any of the other R.C. 2505.02
categories of final appealable orders. In the absence of a final appealable order, this court lacks jurisdiction to entertain this appeal.
 "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, * * *." Section 3(B)(2), Article IV, Ohio Constitution.
See, also, R.C. 2505.03 which states:
 "(A) Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."
Finding that there is no final appealable order, it is ordered that this appeal is dismissed at appellant's costs. All pending motions are moot and denied.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
Melvin L. Resnick, J.
Mark L. Pietrykowski, J.
CONCUR.